UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LAVON PARKS,

        Petitioner,

    v.                                      21-CV-29-LJV-JJM
                                              DECISION & ORDER
UNITED STATES, et al.,

        Respondents.

On January 6, 2021, the *pro se* petitioner, Lavon Parks, submitted a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and filed a motion to proceed *in forma pauperis*. Docket Items 1 and 2. On January 6, 2021, the case was referred to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 3. On January 7, 2021, Judge McCarthy informally consolidated this matter with Parks's criminal case, Docket No. 19-cr-87, and appointed his Criminal Justice Act counsel as standby counsel in this action.

On February 2, 2021, the government responded to Parks's petition. Judge McCarthy held argument on February 12, 2021, Docket Item 6, and Parks submitted a post-argument submission on February 22, 2021, Docket Item 7.

On March 22, 2021, Judge McCarthy issued a Report and Recommendation ("R&R") finding that Parks's motion to proceed *in forma pauperis* should be granted but that his petition should be dismissed. Docket Item 10. On April 12, 2021, Parks objected to the R&R, Docket Item 11, and on May 13, 2021, the government responded

to the objection, Docket Item 13.  Parks did not reply, and the time to so do has passed.  *See* Docket Item 12.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully and thoroughly reviewed the R&R; the record in this case; the objection and response; and the materials submitted to Judge McCarthy.  Based on that *de novo* review, the Court accepts and adopts Judge McCarthy's recommendation to grant Parks's motion to proceed *in forma pauperis* and to dismiss Parks's petition.  More specifically, the Court agrees with Judge McCarthy that a bail motion—and not § 2241—is the proper vehicle to address Parks's concerns and that Parks has not exhausted his remedies under the Bail Reform Act.[1]  Docket Item 10 at 5-10.

## CONCLUSION

For the reasons stated above and in the R&R, the petitioner's motion to proceed *in forma pauperis*, Docket Item 2, is GRANTED; the petition, Docket Item 1, is DISMISSED; and the Clerk of the Court shall close the file.

---

[1] In fact, after Judge McCarthy issued the R&R, Parks filed a bail motion, Case No. 19-cr-87, Docket Item 439, which remains pending before this Court (held in abeyance until closer in time to the commencement of Parks's criminal trial in August 2022).

The Court hereby certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States,* 369 U.S. 438 (1962). The Court also certifies under 28 U.S.C. § 2253(c)(2) that because the issues raised here are not the type of issues that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the Court denies a certificate of appealability.

Parks must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:   May 12, 2022
         Buffalo, New York

_____
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE